NICOLA MONTI *et ux vs.* GIUSEPPE GRAZIANO *et al.*

MARCH 28, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is a bill in equity brought by Nicola Monti and his wife, Anna Monti, against Giuseppe Graziano, his wife, Maria C. Graziano, and their son Frank Graziano. For convenience and unless otherwise specified the two complainants will hereinafter be referred to as the Montis; the

two senior respondents as the Grazianos; and the three respondents individually by their first names.

The substantial relief prayed for in the bill is that Frank Graziano be ordered and directed to convey to the complainants a certain lot of land in the city of Providence, subject to a life estate in Giuseppe and Maria C. Graziano; that the latter respondents join in any and all deeds that may be necessary to restore the complainants to the position they were in in 1931; and for such other and further relief as justice may require. The cause was heard before a justice of the superior court on bill, answer and proof. At the conclusion of that hearing, the trial justice denied and dismissed the bill and a decree to that effect was duly entered. The cause is now before us on complainants' appeal from that decree.

In this cause we are called upon to deal with a record that is deficient in accuracy as to pleading and fragmentary on material matters of evidence. The bill as filed described a different lot from the one in dispute. When this error became apparent at the hearing of the cause the complainants moved and obtained leave from the court to amend their bill by substituting the correct description for the incorrect one, and they filed as an exhibit in the cause a certified copy of the correct deed. But they have never amended their bill and have left in it the incorrect description. However, as all the parties seem to have thenceforth proceeded in the cause as if such amendment had been made and the decree states that the cause came on to be heard upon the amended bill, answer and proof, we shall proceed likewise in this opinion.

It appears in evidence that the complainant Anna Monti had lived since childhood with the Grazianos until she was married to the other complainant, Nicola Monti, in 1922, at which time the Grazianos conveyed to the complainants the lot, now in dispute, as a wedding present. In the deed in evidence, which was dated December 18, 1922, it was stated that, in consideration of one dollar and the conveyance of a life estate to Giuseppe Graziano by the Montis, the Grazi-

anos conveyed the lot to the Montis, their heirs and assigns forever, subject to an existing mortgage, described therein, for $2700. This lot was and is about seventeen feet wide at one end, twenty-one feet wide at the other, and seventy-four feet deep, with no building upon it.

On October 14, 1931, at the request of Giuseppe and without consideration received by the complainants, the lot was reconveyed by them, by a quitclaim deed, to the Grazianos as joint tenants, to enable Giuseppe to include that lot with some adjacent real estate in a mortgage which he was making to raise some needed funds. The complainants testified that Giuseppe then promised that within six months he would reconvey the lot to the complainants. They further testified that although they repeatedly asked for such reconveyance, Giuseppe always delayed doing so on one pretext or another, and finally, in 1942, the Grazianos conveyed the lot and all their other property to their son Frank. The consideration stated in the quitclaim deed to the son is $10, and it is dated April 30, 1942. This deed reserves a life estate to both Giuseppe and Maria in the lot and in the other property therein described. The complainants testified that Frank had full knowledge of the condition under which they had conveyed the lot to the Grazianos.

The testimony for the respondents is in substance as follows: Giuseppe admitted that the lot was conveyed to him by the Montis in 1931, as the latter had testified, and that he intended to reconvey the lot to them at some later time but that a change in family relations led him to do otherwise. He further testified that his son knew nothing of his dealings with the Montis, and that he transferred all his property to him in consideration of the son's promise to support them, the Grazianos, for the rest of their respective lives. Frank denied any knowledge of the dealings between the Montis and his parents, and further testified that his parents conveyed the lot and the other property to him in consideration of his promise to support them as long as they respectively

lived. Maria's absence as a witness was excused on account of some physical ailment.

In a decision from the bench the trial justice found for the complainants against the Grazianos but in favor of Frank. On this latter point he stated that in his judgment the complainants had not sustained the burden of proving that Frank knew about the transaction between the complainants and his parents or that he knew or realized his "father's perhaps moral obligation to reconvey this property".

We have considered all the evidence, such as it is, and find no sufficient reason for disagreeing with the finding of the trial justice as to Frank or with his further conclusion that there was a valuable consideration given by Frank for the conveyance of the lot and other properties to him, namely, his agreement to support his parents for the rest of their lives.

The complainants contend that this agreement was not a valuable consideration for the conveyance to the son, because he was under a statutory obligation to furnish such support and they cite general laws 1938, chapter 419, as supporting this contention. That statute imposes a penalty upon any person who unreasonably neglects or refuses to provide for the support and maintenance of a destitute parent of his who, by reason of old age, infirmity or illness, is unable to support himself or herself.

Upon consideration we are of the opinion that this statute has no application in the instant cause, in which the parents retained life estates in the properties involved, and there is no evidence that they could not have supported themselves, if they had chosen to do so and had retained full title to these properties or had sold them.

Having concluded that because of the intervention of a bona fide purchaser he could not order a reconveyance to the Montis, the trial justice in his decision then discusses the question whether there was evidence in the cause from which he could determine the monetary value of the inter-

ests which the complainants had had in the real estate directly involved in this cause, so that he might be able to determine what monetary loss they had suffered by reason of the refusal of the Grazianos to reconvey to the complainants the rights, titles and interests which they could have promptly reconveyed to the Montis after the execution and delivery of the mortgage above mentioned, if the Grazianos had performed the agreement as testified to by the complainants.

He found that there was no such evidence in the cause and he therefore held that he could not by a decree award damages to the complainants in lieu of relief in the nature of a decree for specific performance. This finding is consistent with the evidence.

However, the trial justice failed to consider whether the Grazianos, especially Giuseppe, should be allowed to retain the life estates that were reserved by each of them in their conveyance to Frank. A careful reading of his decision shows that in his judgment Giuseppe was the real party at fault in the train of circumstances that brought about the situation in this cause, and that his wife was used by him merely as a means to dispose of the lot in violation of his agreement with the complainants. After stating that there was very little testimony as to the respondent Maria, the trial justice found that Giuseppe, whom he characterized as "one of those old fellows who didn't tell everyone his own business", was the really guilty party, who had "a moral obligation upon his conscience" to reconvey the lot to the complainants, or to pay them the equivalent of the money value of that property. We find that these conclusions are supported by the meager and disconnected evidence in the record before us.

In this situation it would be unfair to deprive Maria of the life estate which she has under the deed to Frank. Giuseppe stands in an entirely different light. The trial justice held that Giuseppe was a constructive trustee and that he would have been ordered to reconvey the lot to the complainants if he had not disposed of it in the manner appear-

ing in evidence. But the trial justice overlooked the fact that Giuseppe had reserved a life estate in the very lot that he conveyed to his son in clear violation of his agreement with the complainants and that he had provided for the support of himself and his wife, during the remainder of their respective lives, by conveying the fee of this and the other real estate owned by him to his son, upon the consideration of the latter's agreement to provide them with such support.

Assuming, without deciding, that in the special circumstances of this cause Giuseppe was a constructive trustee, it is our judgment that, in equity and good conscience, he should not be permitted to retain his life estate under the deed to his son. The life estate so reserved by him is in the same lot and is a lesser estate than the one which he received from the Montis. The rights of no other parties were involved. To allow him to retain that estate would in effect countenance the wrong that he did to the Montis and permit him to enjoy a benefit which is plainly in the nature of unjust enrichment resulting from unconscionable conduct. The same reasons lead us to reject the contention that Giuseppe should be allowed to retain the pertinent life estate under the deed to his son because he originally had an estate of the same kind under the deed of 1922 to the Montis.

The respondent Giuseppe Graziano therefore is ordered to convey to the complainants the life estate in the lot in question which he reserved for himself in the deed to Frank Graziano, dated April 30, 1942.

The appeal of the complainants is sustained in part. On April 15, 1946, the parties may present to this court a form of decree, in accordance with this opinion, to be entered in the superior court.

Benjamin Cianciarulo, Aram A. Arabian, for complainants.

Edward M. McEntee, Francis A. Kelleher, for respondents.